```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

ANTHONY PENDERGAST,              )
                                 )           8:05CV271
              Plaintiff,         )         **AMENDED**
                                 )           ORDER
    vs.                          )      SETTING ACCELERATED
                                 )         SCHEDULE FOR
AFFILIATED FOODS MIDWEST         )      PROGRESSION OF CASE
COOPERATIVE, INC., A Nebraska    )
Domestic Corporation,            )
                                 )
              Defendant.         )


The parties' joint motion for extension of deadlines, filing 15, is granted, and the deadlines and trial date are extended as follows:

IT IS ORDERED:

1) Pursuant to the provisions of Fed. R. Civ. P. 26(f), this case is exempted from the "meet and confer" requirements of Rule 26(f). The other provisions of Rule 26 apply.

2) Plaintiff or plaintiff's counsel shall provide a copy of this order to defendant or defendant's counsel as soon as defendant has appeared. In addition, plaintiff is requested NOT to utilize the provisions of Fed. R. Civ. P. 4(d) in serving defendant unless the defendant has agreed to file an appearance promptly (i.e., before sixty days after notice).

3) **Mandatory Disclosures.** The mandatory disclosures described in Fed. R. Civ. P. 26(a)(1) shall be served by PLAINTIFF(S) on defendant(s) either at the time of serving the complaint, or alternatively, as soon as practicable but not later than **five working days after the defendant first appears**. The mandatory disclosures of DEFENDANT(S) shall be served within **fifteen working days of the defendant's first appearance**.

4) The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1) and (2), as well as disclosures required by this order, shall be governed by NECivR 26.1.

5) **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the

date it was written; (d) the identity and position of its addressee;
(e) the identities and positions of all persons who were given or have
received copies of it and the dates copies were given to them; (f) the
document's present location and the identity and position of its
custodian; (g) the specific reason or reasons why it has been withheld
from production or disclosure.

6)   **Limits on Discovery.**  Each party is limited to serving **25**
interrogatories on any other party.  The plaintiffs as a group, and
the defendants as a group, are each limited to taking **ten** depositions
in this case, without leave of court.

_____[1] 7) **Adding Parties; Amending Pleadings.**  It is anticipated
that no parties will be added to this case.  In the event any party
determines that additional parties are necessary, a telephone
conference with the undersigned magistrate judge should be sought.
Any motion to amend pleadings shall be filed **not later than thirty
days following the filing of an answer**.

_____8) **Nonexpert Witnesses.**  Each party shall disclose to all
other parties not later than **thirty (30) days prior to the deposition
deadline):** The name, address, telephone number, and general subject
of testimony expected of each witness, separately identifying those
whom the party expects to present and those whom the party may call if
the need arises.  **A redacted copy of this disclosure--not showing
addresses or telephone numbers or other identifying information
protected by the E-Government Act--shall be contemporaneously filed.**

_____9) Any **motions to compel discovery** shall be filed not later
than **thirty (30) days prior to the deposition deadline** as to matters
which are then ripe for decision; discovery matters arising after that
date may be the subject of motions to compel discovery until the
deposition deadline.  Counsel are reminded of the provisions of NECivR
7.1(i).

10) **Motions for Summary Judgment.**  It is anticipated that this case
will be resolved by an early trial without motions for summary
judgment.  A motion for summary judgment will not be considered UNLESS
it is:  (a) accompanied by a stipulation of all parties that the
resolution of the summary judgment motion will resolve all issues and
dispose of the case; and (b) supported by a stipulation of facts or
responses to requests for admissions addressing all elements of each
claim or defense upon which it is based.  All motions for summary
judgment shall be filed not later than **thirty (30) days prior to the
deposition deadline**.  The statement of facts in support of and in
opposition to the motion shall also state to which element of the
claim or defense the fact is material.  See NECivR 56.1 and 7.1.

---

[1] Blanks are provided for the convenience of counsel in calendaring
deadlines set by this order.

11)   **Expert Witnesses.**  It is anticipated that no expert witnesses will testify in the trial of this case.  If any party determines that expert witnesses will or may be needed, counsel shall seek a telephone conference with the undersigned to determine whether continuing on an accelerated basis remains appropriate in this case.

_____12)    **Deposition Deadline.**  All depositions, **whether or not they are intended to be used at trial**, shall be completed by **the first working day of the month preceding trial.**  All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule-time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with NECivR 29.1, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of these deadlines shall be made by appropriate motion and order.

13)  **Pretrial Disclosures**:   Pursuant to <u>Fed. R. Civ. P.</u> 26(a)(3), each party shall disclose to all other parties and file the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

_____   a.  <u>**Deposition Testimony and Discovery**</u> **- five (5)working days before submitting the final pretrial conference memorandum):**  1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer.

_____   **b.**  <u>**Trial Exhibits**</u> **- five (5) working days before submitting the final pretrial conference memorandum):**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

_____   **c.**  <u>**Objections; Waiver of Objections**</u> - **three (3) working days before submitting the pretrial conference memorandum):**  Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, <u>including any objection pursuant to F.R.Civ.P. 32(a) that a deponent is available to testify at the trial</u>, shall be made a part of the pretrial conference memorandum.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed a waiver of objections, unless excused by the court for good cause shown.

**A redacted copy of these disclosures--not showing addresses or phone numbers or other identifying information protected by the E-Government Act--shall be contemporaneously filed.**

_____14) **Motions in Limine.**  Motions *in limine* shall be filed with or before the submission of the final pretrial conference memorandum.

_____ 15)  **Final Pretrial Conference Memorandum**:  In lieu of a final pretrial conference, counsel shall submit to the undersigned on or before **the fifteenth of the month preceding trial**, a final pretrial order which complies with the requirements of NECivR 16.2, signed by all counsel.  If all counsel cannot agree to the provisions of the proposed order, a telephone conference with the undersigned magistrate judge should be sought.

_____16)  **Trial** is set to commence on April 24, 2006, at 9:00 a.m. before the undersigned magistrate judge in the Special Proceedings Courtroom, Roman L. Hruska United States Courthouse, **Omaha**, Nebraska.  Trial is scheduled for a duration of **two trial days**.  Jury selection will be held at commencement of trial.

17)  **Motions to alter dates**.  All requests for changes of date settings shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.

DATED September 19, 2005.

BY THE COURT

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

Revised:  11-18-04

4